2du169
95 533

CASE 44—PETITION EQUITY—OCTOBER 6.

# Northern Bank of Kentucky vs. Keizer.

APPEAL FROM FAYETTE CIRCUIT COURT.

When a partnership firm becomes insolvent, having partnership property and partnership creditors, and also individual·property and individual creditors, and the partnership creditors exhaust the partnership property, the individual creditors have a priority of right to receive an equal per centage of their claims out of the individual estates, and if anything remains, it is to be distributed among both classes of creditors *pari passu.*

JUDGE ROBERTSON DELIVERED THE OPINION OF THE COURT:

J. W. and W. C. Houghton, who had been parteners in the manufacture of bagging and rope, and owned between them much more individual than partnership property, apprehending their inability to pay all their debts, on the 11th of January, 1862, assigned all their partnership and individual property to C. M. Keizer in trust, to apply the partnership property to the payment of their partnership debts, the individual property to the payment of their individual debts, and then to distribute among all the creditors, *pro rata,* the residue of the individual fund, if any should remain after full payment of the individual debts.

It appears that, under such a distribution, neither class of creditors would receive their whole debts, but that the per centage of the individual creditors would be much larger than that of the partnership creditors.

The trustee, apprehending difficulty, and wishing to avoid unnecessary responsibility, petitioned the circuit court of Fayette to direct the mode of distribution to which all the creditors should be adjudged as entitled.

The partnership creditors, in an answer and cross-petition, charged that the assignment " was made in contemplation of insolvency to prefer one class of creditors, and, therefore, they prayed for a *pro rata* distribution of the entire trust-fund among all the creditors, without distinction of class."

The individual creditors demurred to that cross-petition, and the circuit sustained the demurrer.

That the assignment was made "in contemplation of insolvency" is not denied, and, consequently, if the distribution which it directs is not such as each class of the creditors was entitled to by law, it does, inconsistently with the spirit of the statute of 1856, prefer one set of creditors over another, and, for that end, must be deemed unavailing, even though the apparent preference was not the voluntary choice of the assignors, but was dictated, as we may presume it was, by a belief that the law itself would make the same distribution, and, therefore, they could not, if they would, prevent it.

Then the only 'question is, does the law make the preferences prescribed by the assignment?

As to partnership property, equity gives to the partnership creditors priority over the individual creditors of the firm.

No doctrine of the modern common law is more conclusively settled, nor on more rational and consistent grounds.

The compensatory and reciprocal priority of the individual creditors, as to the individual property, though not, as the other, universally recognized, is, nevertheless, in our opinion, so well settled by both reason and preponderating adjudications as to entitle it our recognition.

Each partner having an implied lien on the partnership property as a security for the payment of all the partnership debts, no individual creditor of any of the partners can subject his debtor's interest otherwise than *cum onere*, or, in other words, could not make his debtor's interest available until all partnership debts shall have been paid; and, on the equitable principle of subrogation, each partnership creditor is entitled to the same lien or priority.

This is the law and its reason.

Precisely the same reason does not apply to individual creditors claiming a priority as to the individual property.

But the principle of equality and the equitable doctrine of marshalling assets do apply to their case, and entitle them to say to the joint creditors "you have kept us out of the part-

Northern Bank of Kentucky vs. Keizer.

nership effects, and we have a compensatory right to be indemnified out of the separate property of our individual debtors." This accords with the well-settled rule that, when one creditor has a right to resort to two funds, and another creditor is restricted either by him or the law to only one of them, the creditor so excluded from one fund has an equitable right to priority as to his only resource, *coextensively with his privation*. As to the principle and the extent of this rule as applicable to this case, there is some diversity among jurists, a small minority denying such priority to any extent, and a very large majority concurring in its existence, and apparently to the whole extent of the individual property, if all of it shall become necessary for full payment of the individual indebtedness.

The ground occupied by that minority is, in our opinion, indefensible on either principle or authority; and that occupied by the majority is so well maintained by both principle and adjudged cases as to command the recognition of it as the only true ground *to some extent*.

But, between those extremists, we are satisfied, that, while one class is altogether wrong, the other class is not altogether right.

The *rationale* of the individual priority neither requires nor authorizes an extension of it, under all circumstances, to the whole of the individual property until the entire individual debt shall have been paid, nor the application of it at all when the partnership *creditors do not assert, but waive, their priority as to the partnership property, and thereby leave the whole estate, of all classes, unincumbered and subject to all creditors alike, without distinction of class.*

If the exhaustion, by the partnership creditors, of the partnership property, should pay only fifty per cent., and the individual property should be sufficient to pay the whole of the individual debts, why should the class having an unqualified right to resort to both funds be required to accept only half of their debt, and the class having a more restricted right be adjudged entitled to the whole of their debt? Were this the law, it would be an anomaly without either analogy or

reason. But the doctrine of equal reprisal is the only one that is either consistent or sustained by controlling or satisfactory authority.

It is not true, as sometimes said, that the reason of those relative priorities is, that the partnership creditors trust the partnership property, and the individual creditors trust the individual property.

The truth is, that each class of creditors look to both classes of property, and, unless they conflict, each have a right to subject both individual and partnership property.

Looking at the philosophy of the law, we do not doubt that the individual priority exists to the extent of the individual loss when partnership effects are taken or claimed by partnership creditors, and that it extends no further.

We are also satisfied that the few adjudged cases and many *obiter* sayings, which, on a superficial analysis, might seem to carry it further, do so on no recognized or consistent principle, and in a very indefensible manner, and should not be regarded as settled authority in this court. We, therefore, feel that it is both our judicial privilege and duty to recognize and apply what, on a survey of multitudinous cases and dicta, we believe to be the true doctrine, which is, that, if partnership creditors exhaust the partnership estate without full payment, the individual creditors have the reciprocal right to make as much of their debt out of the individual estate, and, if, then, any individual property should remain undisposed of, it shall be distributed *pari passu* among all the creditors, regardless of class.

Consequently, as the assignment in this case directs a distribution essentially different from that just defined as legally rightful among all the creditors, the distribution must be made according to law, as herein indicated.

Wherefore, the judgment is reversed, and the cause remanded for further proceedings consistent with this opinion.